UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOSEPH JOHNSON AND BARBARA L. JOHNSON          * CIVIL ACTION

VERSUS                                         * NO. 07-1226

STATE FARM FIRE & CASUALTY COMPANY             * SEC. "B"(3)


                         ORDER AND REASONS

   Before the Court is Defendant's Motion for Partial Summary on the Burden of Proof (Rec. Doc. No. 20). After review of the pleadings and applicable law, and for the reasons that follow,

   **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment on the Burden of Proof is **DENIED.**

                           *BACKGROUND*

   Plaintiffs Joseph Johnson and Barbara L. Johnson held Flood Insurance Policy No. 98-09-7554-0 and Homeowner's Insurance Policy No. 12-58-3817-8 issued by Defendant State Farm for property located at 7538 Expedition Drive, New Orleans, Louisiana 70129. State Farm provided homeowners insurance to Plaintiffs in the amount of $106,300.00 on the dwelling, $10,630.00 on any dwelling extension, and $79,725.00 for contents. Acting as a Write-Your-Own ("WYO") carrier under the NFIP, State Farm also issued a flood policy to Plaintiffs, which provided coverage of $114,800.00 on the dwelling and $24,300.00 on personal property. In adjusting Plaintiffs' flood claim, State Farm estimated the

                                  1

Replacement Cost of Plaintiffs' dwelling at $164,899.55. Plaintiffs' estimate placed the replacement cost at $116,959.38. State Farm calculated the value of repairs for wind related damages to total $17,161.69. In addition, the pre-Katrina value of the home is estimated to be $119,000.00.

After the devastation caused by Hurricane Katrina, State Farm issued checks to Plaintiffs in the amounts of $114,800.00 (for structural damage), $21,800.00 (for contents), and $2,500.00 (for additional living expense) under the Flood Policy, the limits owed under the policy. State Farm also issued checks in the amount of $12,078.54 (for structural damage) and $817 (for miscellaneous personal property) under the Homeowner's Policy. On March 9, 2007, Plaintiffs filed the instant lawsuit.

Defendant State Farm asserts that where both covered and excluded perils cause damage to property, it is ultimately the burden of the plaintiff-policy holder to segregate covered and excluded damage. Defendant also asserts that Plaintiffs' homeowner's policy provided "named peril" coverage, and thereby requires Plaintiffs to establish that damage to personal property was caused by a covered peril and the extent of that damage. Defendant further asserts that only when an insured has met this threshold burden of proof, does the burden shift to the insurer to show the applicability of any asserted exclusion.

Plaintiffs contend that despite evidence of damage to

anchoring roof shingles and ridges and missing turbines atop roof, which allowed torrential rains to enter and substantially damage the premise and its contents, State Farm issued a deficient payment of only $12,078.54.  Plaintiffs argue that the policy limit on dwelling was $118,000.00 and Plaintiffs were entitled to an additional $23,640.00 on the "option ID" provision of their policy, which reflects an increase in construction costs in the event of an area-wide disaster.  Plaintiffs point out that although they have the burden of proof regarding segregating losses from non-covered losses, it is up to the trier of fact to determine the amount of damage caused, by wind, water or both. Moreover, Plaintiffs assert that wind and wind-driven rain caused the total loss of Plaintiffs' contents and rendered their home uninhabitable before flood water ever entered the premises. Although plaintiffs assert that they have not been compensated for the loss of use (valued at $26,478.84), this issue proves beyond the scope of Defendant's motion.

## Law and Analysis

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).  The plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial.  *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir. 1993).

**B.   Flood Exclusion**

Under the Homeowner's Policy Section I – LOSSES NOT INSURED, Water Damage, which includes flood, surface water, waves, tidal

water, overflow of a body of water, or spay from any of these, all whether driven by wind or not, are excluded from coverage. (Homeowner's Policy, p. 10). State Farm has met its burden of establishing that its water damage exclusion clearly and unambiguously excludes damages for all flooding. *In re Katrina Breaches Consol. Litig.*, 495 F.3d 191 (5th Cir. 2007); *Bilbe v. Belsom*, 2007 WL 2042437, *4 (E. D. La 2007); *See Sher v. Lafayette Ins. Co.*, 2008 WL 928486, at *4-7 (La. 4/8/08).

**C.  Burden of Proof**

The dwelling coverage is an "open-peril" policy, subject to specific exclusions; whereas, the personal property coverage constitutes a "named peril" policy coverage form, providing coverage for specifically enumerated perils. *See Ingersoll-Rand Fin. Corp. v. Employers of Wausau,* 771 F.2d 910, 911-12 & n.2 (5th Cir. 1985).

With regard to the dwelling coverage, an insurer bears the burden of proving that an insured's loss was caused by an excluded peril, but the burden shifts back to the insured to show that this loss does not fall within the exclusion or, alternatively to segregate the amount of covered losses from excluded losses. *See Broussard v. State Farm Fire & Cas. Co.,* 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007); *see also Hargroder v. Protective Life Ins. Co.,* 556 So. 2d 991, 997 (La. App. 3d Cir. 1990); *see also Hyatt v. State Farm Ins. Co.*, 2008

5

WL 544182, at *2 (E.D. La. Feb 25, 2008).  On the other hand, in order to recover for damage to personal property under a "named-peril" personal property policy, Plaintiff must first present a prima facie case that the damage to personal property was caused by a covered peril and the extent of that damage.  *Broussard,* 2007 WL 2264535, at *2-3; *see also Thomas v. Pa. Fire Ins. Co.,* 163 So. 2d 202, 204 (La. App. 4th Cir. 1964); *see also Wellmeyer v. Allstate Ins. Co.,* 2007 WL 1235042, *2 (E.D. La. Apr. 26, 2007).  Although plaintiffs bear the burden of proof regarding segregating losses from non-covered losses, it is up to the trier of fact to determine the amount of damage caused, by wind, water or both.  *Broussard v. State Farm Fire and Casualty Co.*, 2008 WL 921699 (5th Cir. 2008).

In an action on an insurance contract the plaintiff has the burden of pleading and proving that his or her claim falls within the general policy, while the insurer has the burden of proving exclusions from coverage. *Best v. State Farm Fire and Casualty Co.*, 2007 WL 3015571 (La. App. 4 Cir. 10/10/07) at *3. When policies contain a provision excluding loss caused by water whether driven by wind or not, unless the insured's property first sustains actual damage by direct force of wind, and water enters the property through openings made by direct action of wind, as is presented in Plaintiffs' named-peril Personal Property coverage, both the wind-created openings and the

6

passage of rain through those openings into the damaged property are conditions precedent to recovery. *Id.* at *5  In order to satisfy the aforementioned conditions, the insured need not establish that wind actually created a hole in the structure, but instead must only demonstrate that the direct force of wind created an opening in the buildings through which water entered. *Id.*  Consistent with proximate cause, water entering into a structure through a breach caused by the impact of a wind blown-object qualifies as damage by wind, bringing the loss under the policy coverage. *Id.*

**D.  Application of Water Damage Exclusion**

State Farm Homeowner's Policy expressly excludes damage from water damage, which includes "flood, surface water, waves, tidal water, overflow of water or spray from any of these whether driven by wind or not." (See Homeowner's Policy p.10)  The exclusion further states that State Farm does not insure for such losses even when "other causes acted concurrently or in any sequence with the excluded event to produce the loss."  The policy language unambiguously excludes personal property coverage for damage caused by flooding.  The Contents Coverage (Coverage B) insures for Windstorm or hail, but "does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust."  However, the Contents Coverage further provides. "[t]his limitation does not apply when the direct force of wind

or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening." (Homeowner's Policy p.7)

Analogous to the case at bar, in *Gaffney v. State Farm Fire and Casualty Co.,* plaintiffs asserted that wind-driven rain damaged some of the contents of their home, not damaged by flood. 2008 WL 941717 (E.D. La. 2008), at *5-6. The *Gaffney* court ruled that the introduction of evidence that hurricane winds caused openings and cracks in their roofs and walls that allowed rain to enter prevented State Farm from carrying its summary judgment burden of showing that there are no issues of material fact that the damages of plaintiffs' contents were not covered by their homeowner's policy. *Id.*

In the case at bar, Plaintiff Joseph Johnson was in his home when Hurricane Katrina passed and testified that the turbine on the roof came off, which allowed water in the home and a window broke. Plaintiffs' opposition highlights the evidence of damage to anchoring roof shingles and missing turbines atop the roof, which allowed torrential rains to enter and substantially damage the premise and its contents. Plaintiff testified that after the storm passed it began to flood. Plaintiffs' expert report acknowledges that some items contained within his estimate would be below the four feet line, which marked the four feet of

8

flooding within his home, but has calculated that $116,959.38[1] of damage above the four-foot line is attributable to damage caused wind and wind-driven rain water entering the home through a damaged roof, missing turbines and shattered windows.  Plaintiffs claim that they have properly segregated the damages introduces issues in material factual dispute, which would make summary judgment improper and necessitates resolution by a trier of fact as to whether these damages are truly wind-related as asserted by Plaintiffs or flood-related as asserted by Defendant.

### *CONCLUSION*

For the reasons stated above, Defendant's Motion for Partial Summary Judgment is **DENIED.**

New Orleans, Louisiana, this 14th day of May, 2008.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

[1] It remains unclear as to whether the amount claimed by Plaintiffs comprises both contents and structural damage or one at the exclusion to the other.