```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**JOSEPH JOHNSON AND BARBARA L. JOHNSON**         * CIVIL ACTION

**VERSUS**                                         * NO. 07-1226

**STATE FARM FIRE & CASUALTY COMPANY**             * SEC. "B"(3)

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment to Limit Damages Based Upon Prior Flood Payments (Rec. Doc. No. 22). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **DENIED.** While Defendant correctly highlights the law regarding double recovery, material factual disputes preclude this Court from applying any such limits in this matter before a trier of fact resolves these genuine issues.

*BACKGROUND*

Plaintiffs Joseph Johnson and Barbara L. Johnson held Flood Insurance Policy No. 98-09-7554-0 and Homeowner's Insurance Policy No. 12-58-3817-8 issued by Defendant State Farm for property located at 7538 Expedition Drive, New Orleans, Louisiana 70129. State Farm provided homeowners insurance to Plaintiffs in the amount of $106,300.00 on the dwelling, $10,630.00 on any dwelling extension, and $79,725.00 for contents. Acting as a

1

Write-Your-Own ("WYO") carrier under the NFIP, State Farm also issued a flood policy to Plaintiffs, which provided coverage of $114,800.00 on the dwelling and $24,300.00 on personal property. In adjusting Plaintiffs' flood claim, State Farm estimated the Replacement Cost of Plaintiffs' dwelling at $164,899.55. Plaintiffs' estimate placed the replacement cost at $116,959.38. State Farm calculated the value of repairs for wind related damages to total $17,161.69. In addition, the pre-Katrina value of the home is estimated to be $119,000.00.

After the devastation caused by Hurricane Katrina, State Farm issued checks to Plaintiffs in the amounts of $114,800.00 (for structural damage), $21,800.00 (for contents), and $2,500.00 (for additional living expense) under the Flood Policy, the limits owed under the policy. State Farm also issued checks in the amount of $12,078.54 (for structural damage) and $817 (for miscellaneous personal property) under the Homeowner's Policy. On March 9, 2007, Plaintiffs filed the instant lawsuit.

Defendant State Farm asserts that even if Plaintiffs are able to prove at trial that their property suffered some additional amount of damage separately and independently attributable to wind under their homeowner's policy, any recovery must be reduced or offset to the extent necessary to prevent Plaintiffs from recovering twice for the same loss under separate policies of insurance. Defendant further argues that the Valued

Policy Law does not apply because it only requires payment of full face value when a covered peril for which a premium has been charged causes the insured property to become a total loss. Defendant avers that an excluded event caused the total loss.

Plaintiffs assert that the Valued Policy Law La.Rev.Stat. § 22:695 requires Defendant State Farm to pay full and appropriate face value of the policy when concurrent (covered and non-covered) losses occur during the course of a single climatic event, which renders the home a total loss. Plaintiffs assert that the Valued Policy Law mandates Defendant to compensate them for the full value of the property under their policy in the event of a total loss, even when the loss is caused partially by wind and wind driven rain and partially by flood.

### DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510

(1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993). The plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial. *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir. 1993).

**B.  Double Recovery**

In the Eastern District of Louisiana, the court has pronounced that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than their loss. *Wellmeyer v. Allstate Ins. Co.,* 2007 WL 1235042 (E.D. La. 2007); *Esposito v. Allstate Ins. Co.*, 2007 WL 1125761 (E.D. La. 4/16/07); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869

(E.D. La. 3/21/07). Numerous courts have held that no double recovery is permitted. *See Esposito c. Allstate Ins. Co.,* 2007 WL 1125761 (E.D. La. 4/16/07); *see also Weiss v. Alllstate Insurance Company*, 2007 WL 891869 (E.D. La. 3/21/07). When an insured has already received compensation for the full value of his or her property, he or she is not entitled to "recharacterize as wind damage those losses for which he [or she] has already been compensated by previously attributing then to flood waters." *Wellheymer v. Allstate Insurance Company,* 2007 WL 1235042 (E.D. La. 2007) at *3. A plaintiff whose property sustains damage from flood and wind can clearly recover for his or her segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss. *Weiss*, 2007 WL 891869, at *2. Plaintiffs are entitled to recover in this lawsuit any previously uncompensated losses that are covered by their homeowner's policy and which when combined with their flood proceeds do not exceed the value of their property.

Plaintiffs fail to contest the actual cash value of their property exceeds \$119,000 as stated by Defendant.[1] In adjusting Plaintiff's flood claim, State Farm estimated the Replacement Cost of Plaintiffs' dwelling at \$164,899.55.[2] Plaintiffs' estimate placed the replacement cost at \$116,959.38. State Farm

---

[1] This assessment was made prior to Hurricane Katrina.

[2] This figure does not include contents.

calculated the value of repairs for wind related damages to total $17,161.69.  State Farm has paid $139,100.00 in flood insurance ($114,800 on the dwelling and $24,300 on the contents), leaving $50,099.55 potentially recoverable for structure under the homeowner's policy in order to prevent double recovery.  Of that $50,099.55, Defendant has paid $12,895.54 under the homeowner's policy ($12,078.54 for structure and $817 for miscellaneous), leaving $38,021.01 available to be paid in structural damage outside the realm of double recovery if the payments under the policies are separated into payments for dwelling and contents and then offset against the limits remaining under the homeowner's policy for each.[3]  Despite this calculation, the Plaintiff's estimate places the replacement cost at $116,959.38, which introduces material factual dispute as to the amount against which to measure whether there may be a double recovery.

**C.  Valued Policy Law**

While Plaintiffs contend that the Valued Policy Law ("VPL") LSA R.S. 22:695(A) mandates that State Farm compensate them for the full value of the property under their homeowner's policy in the event of a total loss, even when the loss is caused partially by wind and wind driven rain and partially by flood, recent case

---

[3]These figures have been calculated using the higher estimate of $164,899.55 as the Replacement Cost of Plaintiffs' dwelling

law does not support this argument. The VPL only requires an insurer to pay the face value of property if the property is rendered a total loss from a covered peril. *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 239 (5th Cir. 2007). *Landry v. Louisiana Citizens Property Insurance Co.*, also confirms that the VPL applies only to a total loss caused by a covered peril even if the total loss is only caused partially by wind and the remaining damages is caused by non-covered peril (flood). 964 So.2d 463, 466 (La. App. 3 Cir. 8/28/07). Just as in *Gaffney v. State Farm Fire and Cas. Co.*, Plaintiffs have cited no authority for the proposition that the VPL authorizes them to recover twice for the same loss, and this Court finds no reason to contravene the prohibition on double recovery. 2008 WL 941717 (E.D. La. 4/7/08) at *4. This Court refuses to interpret the Valued Policy Law in a manner as to permit double recoveries for the same loss under homeowner's and flood policies. *Ragas v. State Farm Fire and Cas. Co.*, 2008 WL 425536 (E.D. La. 2008).

**D.  Flood Exclusion**

The flood exclusion in State Farm's policy unambiguously precludes recovery for damage caused by flood waters that followed Hurricane Katrina. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 214 (5th Cir. 2007). Under "Section I - LOSSES NOT INSURED", the water damage exclusion proves clear and unambiguous as it excludes from coverage damage caused by flood,

7

waves, tidal water, and overflow of a body of water, among other things, whether driven or wind or not.  *See Homeowner's Insurance p. 10; see also Tuepker v. State Farm Fire & Cas. Co.,* 507 F.3d 346, 353 (5th Cir. 2007).  However, because a material factual dispute remains as to whether full compensation has been received since the value of the property is disputed, it is premature to apply the double recovery restriction, despite the clarity of the flood exclusion.

## *CONCLUSION*

For the aforementioned reasons, **IT IS ORDERED** that Defendant's Motion is **DENIED.**  While Defendant correctly highlights the law regarding double recovery, material factual disputes preclude this Court from applying any such limits in this matter before a trier of fact resolves these genuine issues.

New Orleans, Louisiana, this 14th day of May, 2008.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE