UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH JOHNSON AND BARBARA L. JOHNSON         * CIVIL ACTION

VERSUS                                         * NO. 07-1226

STATE FARM FIRE & CASUALTY COMPANY             * SEC. "B"(3)


ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment to Preclude Recovery for Any Mental Anguish Claims (Rec. Doc. No. 18). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **GRANTED.**

*BACKGROUND*

Plaintiffs Joseph Johnson and Barbara L. Johnson held Flood Insurance Policy No. 98-09-7554-0 and Homeowner's Insurance Policy No. 12-58-3817-8 issued by State Farm for property located at 7538 Expedition Drive, New Orleans, Louisiana 70129. State Farm provided homeowners insurance to Plaintiffs in the amount of $106,300.00 on the dwelling, $10,630.00 on any dwelling extension, and $79,725.00 for contents. Acting as a Write-Your-Own ("WYO") carrier under the NFIP, State Farm also issued a flood policy to Plaintiffs, which provided coverage of $114,800.00 on the dwelling and $24,300.00 on personal property.

1

In adjusting Plaintiffs' flood claim, State Farm estimated the Replacement Cost of Plaintiffs' dwelling at $164,899.55. Plaintiffs' estimate placed the replacement cost at $116,959.38. State Farm calculated the value of repairs for wind-related damages to total $17,161.69. In addition, the pre-Katrina value of the home is estimated to be $119,000.00.

After the devastation caused by Hurricane Katrina, State Farm issued checks to Plaintiffs in the amounts of $114,800.00 (for structural damage), $21,800.00 (for contents), and $2,500.00 (for additional living expense) under the Flood Policy, the limits owed under the policy. State Farm also issued checks in the amount of $12,078.54 (for structural damage) and $817 (for miscellaneous personal property) under the Homeowner's Policy. On March 9, 2007, Plaintiffs filed the instant lawsuit.

Defendant State Farm asserts that Plaintiffs are not entitled to a mental anguish award because mental anguish and emotional distress damages are not available under insurance contract actions. Meanwhile, Plaintiffs contend that case law supports their claim that La.Rev.Stat. § 22:1220 permits the recovery of general damages, including mental anguish.

### *DISCUSSION*

Defendant State Farm has improperly styled and filed its Motion *In Limine* on Mental Anguish claims. As is commonly understood, motions *in limine* serve the purpose of addressing

threshold evidentiary concerns before trial begins; such motions do not to address matters redressable through a 12(b)(6) motion to dismiss or a motion for summary judgment. As such, this Court will construe this motion as a motion for partial summary judgment.

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.*

Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993). The plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial. *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir. 1993).

**B.    The Preclusion of Mental Anguish Claims**

La. Civ.Code art.1998 provides that "[d]amages for nonpecuniary loss" are not recoverable in a breach of contract claim unless "the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee." LSA-C.C. art. 1998 (1987). Plaintiffs have submitted no evidence that Defendant State Farm intended through its failure, to aggrieve the feelings of Plaintiffs so this analysis turns solely to the nature of the insurance contract.

In *Sher v. Lafayette Insurance Co.*, the Louisiana Supreme Court held that there was no legal basis for the jury to have found

mental anguish because the plaintiff could not satisfy the requirements of La. C. C. Art. 1998, the Louisiana civil code article permitting damages for nonpecuniary loss when a contract is intended to gratify a nonpecuniary interest. 2008 WL 928486 (La. 4/8/08) *13-14.[1]  The object of an insurance contract is the payment of money, a pecuniary interest.  *Id.*  However, Judge Vance explicitly stated in *Weiss v. Allstate Ins. Co.*, La.Rev.Stat. § 22:1220 permits the recovery of general damages, including mental anguish, provided that these damages are proven.  512 F.Supp.2d 463, 474.  The 2008 determination in *Sher* shall guide this Court in interpreting whether mental anguish awards should be provided since the 2007 *Weiss* ruling pre-dates the Louisiana Supreme Court's interpretation of Louisiana law in *Sher*.  Even if the prohibited acts of La.Rev.Stat. § 22:1220 may be demonstrated by Plaintiffs, Plaintiffs have not proffered any evidence that *Sher* would not foreclose the grant of mental anguish awards in conjunction with insurance contracts, which do not seek to gratify a nonpecuniary interest.

## ***CONCLUSION***

For the reasons stated above, Defendant's Motion for Partial

---

[1] The insurance contract at issue was a commercial insurance contract, and the plaintiff in *Sher* sought recovery of mental anguish pursuant to La.Rev.Stat. § 22:1220 and LSA-C.C. art. 1998.

Summary Judgment to Preclude Recovery on Mental Anguish Claims is **GRANTED.**

New Orleans, Louisiana, this 14th day of May, 2008

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE