UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH JOHNSON AND BARBARA L. JOHNSON** | * CIVIL ACTION |
| **VERSUS** | * NO. 07-1226 |
| **STATE FARM FIRE & CASUALTY COMPANY** | * SEC. "B"(3) |

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment to Preclude Any Claim for Attorney's Fees or Additional Penalties Pursuant to the 2006 Amendments to La.Rev.Stat. § 22:658 (Rec. Doc. No. 19).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **GRANTED.**

*BACKGROUND*

Plaintiffs Joseph Johnson and Barbara L. Johnson held Flood Insurance Policy No. 98-09-7554-0 and Homeowner's Insurance Policy No. 12-58-3817-8 issued by State Farm for property located at 7538 Expedition Drive, New Orleans, Louisiana 70129.  State Farm provided homeowners insurance to Plaintiffs in the amount of $106,300.00 on the dwelling, $10,630.00 on any dwelling extension, and $79,725.00 for contents.  Acting as a Write-Your-Own ("WYO") carrier under the NFIP, State Farm also issued a flood policy to Plaintiffs, which provided coverage of $114,800.00 on the dwelling and $24,300.00 on personal property.

1

In adjusting Plaintiffs' flood claim, State Farm estimated the Replacement Cost of Plaintiffs' dwelling at $164,899.55. Plaintiffs' estimate placed the replacement cost at $116,959.38. State Farm calculated the value of repairs for wind related damages to total $17,161.69. In addition, the pre-Katrina value of the home is estimated to be $119,000.00.

After the devastation caused by Hurricane Katrina, State Farm issued checks to Plaintiffs in the amounts of $114,800.00 (for structural damage), $21,800.00 (for contents), and $2,500.00 (for additional living expense) under the Flood Policy, the limits owed under the policy. State Farm also issued checks in the amount of $12,078.54 (for structural damage) and $817 (for miscellaneous personal property) under the Homeowner's Policy.

On March 9, 2007, Plaintiffs filed the instant lawsuit. Plaintiffs allege that State Farm's failure to initiate its loss adjustment of Plaintiffs' claim within 30 days of receiving Plaintiffs' notice of loss makes Defendant liable for penalties under La.Rev.Stat. § 22:658 and/or 22:1220 for its failure to settle and/or pay Plaintiffs timely.

Defendant State Farm asserts the version of La.Rev.Stat. § 22:658 in effect at the time this action was filed did not allow for the recovery of attorney's fees. Likewise, attorney's fees are not recoverable under La.Rev.Stat. § 22:1220. In addition, the version of La.Rev.Stat. § 22:658 that was in effect at the

relevant time limited penalties to 25 percent of the amount found due to the insured.  The amendments to La.Rev.Stat. § 22:658 are not retroactive and cannot be applied prospectively on the facts of this case.  As such, the 50 percent penalty provision and the attorney's fee provision added to La.Rev.Stat. § 22:658, which became effective on August 15, 2006 cannot be applied retroactively in this August 29, 2005 Hurricane Katrina case.

Plaintiffs contend that denial of retroactive application of the amended versions of La.Rev.Stat. § 22:658 and/or § 22:1220; that is, 50 percent of the damages due, plus reasonable attorney's fees and costs, would unjustly penalize Plaintiffs.

### *DISCUSSION*

Defendant State Farm has improperly styled and filed its Motion *In Limine* to Preclude the Recovery of Attorney's Fees under Louisiana Revised Statues La.Rev.Stat. § 22:658 and 22:1220, and Additional Penalties Pursuant to the 2006 Amendments to La.Rev.Stat. § 22:658.  As is commonly understood, motions *in limine* serve the purpose of addressing threshold evidentiary concerns before trial begins; such motions do not address matters redressable through a 12(b)(6) motion to dismiss or a motion for summary judgment.  As such, this Court will construe this motion as a motion for partial summary judgment.

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions,

interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).  The plaintiff must present an issue of material as to every one of the essential elements of each of his claims on which he bears the burden of proof at trial.  *Celotex,* 477 U.S. at 322; *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1444 (5th Cir.

1993).

**B.   The 2006 Amendments to La.Rev.Stat § 22:658 Cannot Be Applied Retroactively**

On March 9, 2007, Plaintiffs filed a complaint for damages in which they asserted that Defendant is liable for statutory penalties, under La.Rev.Stat. § 22:658 and/or 22:1220, resulting from Defendant's failure to initiate its loss adjustment of Plaintiffs' claim after 30 days of receiving Plaintiffs notice of loss in the aftermath of Hurricane Katrina, which occurred on August 29, 2005.  Subsequent amendments to La.Rev.Stat § 22:658 increased the penalties for violations of the statute from 25 percent to 50 percent and made available reasonable attorney's fees and costs.  These amendments, however, did not take effect until August 15, 2006.  *See* 2006 La. Acts No. 813.  La.Rev.Stat. § 1.2 clearly states that no section of the revised statutes is retroactive unless it is expressly so stated.  There is no support for the proposition that the 2006 amendment should retroactively apply to alleged violations that occurred before it was enacted.  *Weiss v. Allstate Ins. Co.*, 2007 WL 1017341 *3; *see also Lewis v. State Farm Ins. Co.*, 946 So.2d 708, 728-29 (La.Ct. App. 2006).  In fact, the Louisiana Supreme Court explicitly stated in *Sher v. Lafayette Ins. Co.* that the 2006 Amendment cannot be applied retroactively.  2008 WL 928486 (La. 4/8/08) *10-11.  Therefore, penalties under La.Rev.Stat. §

22:658 are limited to 25 percent of the amount found to be under the homeowner's policy, and no award for reasonable attorney's fees and costs under La.Rev.Stat. § 22:658 shall be granted.

### *CONCLUSION*

For the reasons stated above, Defendant's Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 14th day of May, 2008.

                                              IVAN L. R. LEMELLE
                                 UNITED STATES DISTRICT JUDGE